## George RILEY v. STATE of Arkansas

5643                                    474 S.W. 2d 410

Opinion delivered December 20, 1971
[Rehearing denied January 24, 1972.]

*Kenneth Coffelt,* for appellant.

*Ray Thornton,* Attorney General; *Gene O'Daniel,* Asst. Atty. Gen., for appellee.

Frank Holt, Justice. A jury convicted appellant of the crime of first degree murder and recommended life imprisonment in the State Penitentiary. The State had waived the death penalty. From the judgment on that verdict comes this appeal. For reversal appellant contends that: The appellant was entitled to have the jury instructed by the trial court on all degrees of homicide, regardless of whether his counsel waived and objected to such instructions, and the failure of the trial court to so instruct the jury is reversible error. We find no merit in this contention.

The sufficiency of the evidence to sustain the State's theory of the case is not questioned by appellant. However, it was appellant's defense that the killing resulted from an accidental gunshot wound. Being a capital case, appellant asserts that it is the absolute duty of the trial court to instruct on a lesser offense when there is any evidence to justify it. *Walton* v. *State,* 232 Ark. 86, 334 S. W. 2d 657 (1960). Therefore, in the case at bar, appellant's counsel could not effectively waive the right of the appellant to an instruction on a lesser degree of

the alleged offense. However, in *Walton* the defendant requested an instruction on a lesser degree of murder and objected to the court's refusal to give the proffered instruction. In the case at bar, the court offered to give an instruction on second degree murder and did not give it because of the objection of appellant's counsel. The appellant offered no instructions. The trial strategy was that the jury would not convict the appellant of first degree murder, whereas it might convict him of the lesser offense if given that choice. In other words, where the jury had only the choice of life imprisonment or acquittal, it was considered that the latter action of the jury would most likely prevail. It is not demonstrated to us that this strategy did not have appellant's understanding and approval. Appellant's counsel candidly admits that he misjudged the situation. It is well recognized that experienced and competent trial counsel often employ such trial strategy advantageously for a defendant.

In *Randle & Wright v. State,* 245 Ark. 653, 434 S. W. 2d 294 (1968) the appellants were charged with first degree rape, a capital offense. There the appellants did not request an instruction on a lesser degree and objected to the giving of such an instruction when requested by the State. There we said that the trial court did not err by failing to instruct the jury on the lesser offense of third degree rape. Furthermore, that an appellant is in no position to complain about the trial court's rulings which are made at appellant's insistence.

Finding no error, the judgment is affirmed.