Wilburn Anthony HENDERSON *v.* STATE of Arkansas

CR 82-107                    652 S.W.2d 26

Supreme Court of Arkansas
Opinion delivered June 13, 1983

416

*Kearney Law Offices,* by: *Jesse L. Kearney,* for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. A jury convicted appellant, Wilburn Anthony Henderson, of capital felony murder, and he was sentenced to death by electrocution. On appeal from that conviction we affirm.

The victim was murdered at approximately 2:00 p.m. on November 26, 1980, while she was working in her family owned furniture store in Fort Smith, Arkansas. The autopsy revealed that she was shot once in the head with a .22 caliber pistol and died instantly. The police arrived at the crime scene at about 2:15 p.m. and found the victim lying face down behind the counter. The cash register was open, and at least $41 was missing.

During the police investigation of the crime scene, one of the detectives found a piece of paper on the floor about six feet from the victim's body. The victim's daughter testified that it had not been there when she was in the store at 1:40 p.m. that afternoon. It was this piece of paper which led to the development of appellant as a suspect in the case. On the paper was a drawing of a floor plan, two phone numbers, an address, and the name of a real estate agent. When contacted by the police, the agent recognized the drawing as the floor plan of a cabin he was trying to rent. It was then discovered that appellant had looked at the cabin, and had had an appointment with the agent to talk about renting it at 4:30 p.m. the day of the crime; appellant failed to keep this appointment. Appellant was eventually traced to Houston, Texas, where he was picked up by the Houston police.

Appellant gave a statement in Houston to the Fort Smith police in which he admitted that he was in the store at the time of the murder, but stated that an acquaintance killed the victim. The acquaintance was questioned, released, and later testified at trial.

There was additional evidence linking appellant to the crime. The investigation revealed that appellant had redeemed a pawned .22 caliber pistol on November 24 but had pawned the pistol again on November 29. A female acquaintance of appellant testified that appellant acted peculiarly when a television report gave a description of the subject sought in the murder. She also testified that appellant told her that the Fort Smith police were looking for him regarding a murder and that if the police asked about him, to tell them he had telephoned from Kansas City. In addition, she was to tell anyone that asked that he still had his moustache, even though he had shaved it off. It was also established that when appellant left for Houston, he abandoned the van he was driving on the day of the murder.

After viewing the evidence in the light most favorable to the State, we conclude that there was substantial evidence to support the jury's finding of guilt.

Appellant argues that our capital murder statute is unconstitutionally vague. We reject this argument. We have upheld the constitutionality of this statute on numerous occasions. In this regard, see *Simpson* v. *State,* 278 Ark. 334, 645 S.W.2d 688 (1983); *Ford* v. *State,* 276 Ark. 98, 633 S.W.2d 3 (1982); *Earl* v. *State,* 272 Ark. 5, 612 S.W.2d 98 (1981).

Appellant alleges that the capital murder sentencing statutes are unconstitutionally vague for three reasons: First because the aggravating circumstances of Ark. Stat. Ann. § 41-1303 (Repl. 1977) are too closely related to the elements of capital felony murder as set out in Ark. Stat. Ann. § 41-1501 (Repl. 1977); this contention was answered in *Wilson* v. *State,* 271 Ark. 682, 611 S.W.2d 739 (1981) where we held that the aggravating circumstances are not an element of capital murder. Secondly, appellant points to the fact that there is no specific definition of "mitigating circumstance" in Ark.

Stat. Ann. § 41-1304 (Repl. 1977); however, we have held that the fact that the jury is not limited to specifically enumerated mitigating factors accrues to the benefit of the defendant, because it gives the jury a greater opportunity to extend leniency to him. *Miller* v. *State*, 269 Ark. 341, 605 S.W.2d 430 (1980). Thirdly, appellant argues that our sentencing statutes are unconstitutional because there is no accurate comparison of death penalty cases, since not all such cases are appealed and those that are do not always contain complete records; in answering this contention we note that it is highly unlikely that any death case will not be appealed; the constitutionality of our appellate process in death penalty cases was upheld in *Collins* v. *State*, 261 Ark. 195, 548 S.W.2d 106 (1977); appellant's allegation that the records in death cases are inadequate has no merit.

Appellant argues that the trial court erred in excusing for cause a juror who stated that she could not under any circumstances impose the death penalty, thereby allowing a "death qualified" jury to determine his guilt or innocence. More specifically, appellant argues that since Ark. 'Stat. Ann. § 41-1302 (Repl. 1977) does not *require* that a jury be composed only of members who can recommend the death penalty, persons who cannot impose the death penalty should be allowed to sit on the jury. However, the statute contemplates that persons on the jury will be capable of imposing the death penalty. It is not error for the court to strike for cause persons who cannot carry out the law. *See Haynes* v. *State*, 270 Ark. 685, 606 S.W.2d 563 (1980). Appellant's contention that a death qualified jury is more conviction prone was rejected in *Lasley* v. *State*, 274 Ark. 352, 625 S.W.2d 466 (1981), and appellant's argument concerning a bifurcated trial, with one jury for determining guilt or innocence and another one for sentencing, was rejected in *Hill* v. *State*, 275 Ark. 71, 628 S.W.2d 285 (1982).

Appellant also alleges that the trial court erred in not granting his motion for expert witnesses to testify at a hearing on the issue of a death qualified jury. The court satisfied appellant's request by allowing appellant to introduce several documentary studies on this issue:

The Court: We will resume the hearing on Wilburn Anthony Henderson. On Defendant's Motion for Witness Fee, Expert Witness Concerning Exclusion of Veniremen, defendant was allowed to introduce several studies or papers. Does that satisfy your request for a witness in this matter, Mr. Settle?

Mr. Settle: [Defense attorney]

The court has accepted these documents into evidence?

The Court: Yes.

Mr. Settle: And accepted it as evidence to the other motions I filed?

The Court: Yes, sir.

Mr. Settle: All right, sir.

The Court: That motion will be satisfied.

Appellant made no objection to this ruling, and under these circumstances, this point has not been properly preserved for appeal.

Appellant argues that the trial court erred in refusing to suppress the statement he gave to a Fort Smith detective while incarcerated in Houston. This argument is without merit. Although an in-custody statement is presumed to be involuntary, in this case the State has met its burden of proving that appellant's statement was made voluntarily, without hope of reward or fear of punishment. *Watson* v. *State*, 255 Ark. 631, 501 S.W.2d 609 (1973). At the pretrial hearing to determine voluntariness, a verbatim transcript of appellant's recorded statement was introduced into evidence. The transcript reflects that appellant was asked if he was treated fairly, to which he responded, "Yes, sir," and that he was given an opportunity to say anything he desired concerning the voluntariness of his statement at the end of the interview. He responded that he had nothing more to say. The detective who took the statement testified that he

advised appellant of his *Miranda* rights, that appellant agreed to make a statement, and that no promises, threats, or coercion were used to obtain the statement. At trial appellant testified that the statement was involuntary because he was frightened since the Houston police officer, who took him in, told him if he attempted to escape he would "blow him away." However, that officer did not question him and was not present when he gave his statement. Appellant admitted that the interrogating officers did not abuse him in any way. Therefore, even in light of appellant's testimony at trial, the trial court's finding of voluntariness will not be disturbed on appeal.

Appellant next argues that the trial court erred in admitting a photograph of the victim taken in the autopsy room. The photograph depicted the area of the wound and it enabled the jury to better understand the testimony of the state medical examiner. The admissibility of photographs is within the sound discretion of the trial court, and will not be set aside absent a manifest abuse of discretion. *Roleson* v. *State,* 277 Ark. 148, 640 S.W.2d 113 (1982). Here, we cannot say that there was an abuse of discretion. Appellant argues that the admission in evidence of the autopsy report was error; the admission in evidence of an autopsy report is permitted by Ark. Stat. Ann. § 42-1220 (Supp. 1981).

Appellant also alleges that prejudicial error occurred when he had to object to certain photographs proffered by the State. We cannot agree. The discussions concerning the photographs occurred at the bench. We find no prejudicial error in this regard.

Appellant contends that the trial court erred in refusing to sequester the jury during his trial. To support this argument, appellant points to the fact that his first trial ended in a mistrial because of publicity and the fact that there was television and newspaper coverage surrounding his second trial. The decision of whether or not to sequester the jury is left to the discretion of the trial court. Ark. Stat. Ann. § 43-2121 (Repl. 1977). The trial court's decision will not be disturbed in the absence of a clear showing of prejudice. *Perry* v. *State,* 277 Ark. 357, 642 S.W.2d 865 (1982).

Here, appellant has failed to demonstrate the necessary showing of prejudice. Each juror was thoroughly questioned about media influence, and each one selected was admonished to refrain from discussing the case, reading about it in the newspaper, or listening to radio or television reports. Appellant is not entitled to a jury completely ignorant of the crime. *Anderson* v. *State,* 278 Ark. 171, 644 S.W.2d 278 (1983). It is sufficient if the juror can lay aside his opinions and render a verdict based on the evidence presented in court. *Kellensworth* v. *State,* 276 Ark. 127, 633 S.W.2d 21 (1982).

Appellant argues that the trial court erred in instructing the jury as to the lesser included offense of second degree murder, AMCI 1503. He cites *Cromwell* v. *State,* 269 Ark. 104, 598 S.W.2d 733 (1980) for the proposition that the State must choose either the capital murder instruction or the second degree instruction, but not both. Such reliance is misplaced. This court has held that the jury should have the opportunity to consider lesser included offenses where the evidence warrants, even if the defendant objects. *Caton and Headley* v. *State,* 252 Ark. 420, 479 S.W.2d 537 (1972). In any event, appellant was clearly not prejudiced by the submission of the second degree murder instruction since the jury convicted him of the greater offense of capital felony murder.

Appellant also alleges that it was error to give AMCI 1501-A, the Capital Murder — Associated Felony instruction, because it was cumulative of AMCI 1501, the Capital Murder instruction. This argument is without merit. The "note on use" following 1501-A explains:

A charge of capital murder committed in the course of one of the felonies specified in Ark. Stat. Ann. § 41-1501 (a) (Repl. 1977) will require proof of that felony. This instruction is designed for use in defining the felony if requested by either party or if the court feels it would be helpful to the jury.

Here, appellant was charged with murder committed during the course of a robbery; therefore, it was not error for AMCI 1501-A defining robbery to be given.

Appellant argues that the trial court erred in allowing the State to ask appellant certain allegedly irrelevant and prejudicial questions concerning a previous marriage and other names he had used in the past. Appellant alleges that he was prejudiced by the State inquiring into these "morally stigmatizing subjects," but we cannot say from an examination of the record that these questions, standing alone, constituted prejudicial error.

We find no evidence that the jury's verdict was based on either passion or prejudice, nor do we find the imposition of the death penalty in this case to be arbitrary, capricious, or wanton. In our comparative review of death sentences, we find the sentence not excessive. *See Sumlin* v. *State,* 273 Ark. 185, 617 S.W.2d 372 (1981).

In the sentencing phase of the trial the jury received as evidence of aggravating circumstances four prior felony convictions in California for the felony crimes of rape, assault with a deadly weapon, assault by means of force likely to produce great bodily injury, and robbery. This evidence supported the jury's finding that appellant had previously committed another felony, an element of which was the use of threat of violence to another person. The jury found no mitigating circumstances. The jury's finding that the aggravating circumstances outweighed, beyond a reasonable doubt, any mitigating circumstances is supported by the evidence.

We have examined all objections pursuant to Rule 11 (f), Rules of the Supreme Court, Ark. Stat. Ann., Vol. 3A (Repl. 1977) and find no error. *See Earl* v. *State, supra.*

Affirmed.