Wilburn A. HENDERSON *v.* STATE of Arkansas

CR 82-107 664 S.W.2d 451

Supreme Court of Arkansas
Opinion delivered February 13, 1984

*Lessenberry & Carpenter,* by: *Tom Carpenter,* for petitioner.

*Steve Clark,* Atty. Gen., by: *Marci Talbot* and *Leslie Powell,* Asst. Attys. Gen., for, respondent.

PER CURIAM. The petitioner Wilburn A. Henderson was convicted of murdering a Fort Smith furniture store owner during a robbery. He was sentenced to death. We affirmed. *Henderson v. State,* 279 Ark. 414, 652 S.W.2d 26 (1983). Petitioner now requests permission to proceed in circuit court under A.R.Cr.P. Rule 37 for an evidentiary hearing on whether he had ineffective assistance of counsel at trial. The petition, however, does not show by clear and convincing evidence that some prejudice resulted from counsel's representation to the degree that he was denied a fair trial; hence, the petition is denied.

I.

Petitioner first alleges that counsel was ineffective in that he failed to request a jury instruction on first degree murder as a lesser included offense to capital murder. The record indicates that the state requested instructions on first and second degree murder. Defense counsel objected and the state withdrew its request on first degree murder but the court allowed the instruction on second degree murder. On appeal, petitioner argued that it was error for the instruction on second degree murder to be given over his objection. We found no prejudice since there was evidence sufficient to convict him of capital murder. Petitioner now argues that counsel should have requested an instruction on first degree murder once it became evident that the jury would be instructed on second degree murder. He contends that an evidentiary hearing is needed to determine if there was a legitimate trial tactic on which counsel was relying when the decision was made not to ask for an instruction on first degree murder.

As a matter of trial strategy, competent counsel may elect not to request an instruction on lesser included offenses. *Riley* v. *State,* 251 Ark. 712, 474 S.W.2d 410 (1971).

The rationale behind the strategy is based on the idea that the jury will be more likely to find an accused not guilty if there are only two choices open to it. Petitioner asserts that this "all or nothing" strategy was defeated when the trial court ruled that there would be an instruction on second degree murder, but we do not agree that counsel was' necessarily ineffective in not abandoning the strategy. Petitioner testified that he was not in Fort Smith on the day of the murder. He also sought to establish through other evidence that he did not commit the crime. Counsel stressed, both before and during closing argument, that the jury could disregard the instruction on second degree murder. If the jury had found petitioner's testimony and that of the witnesses for the defense to be the more credible evidence, it could have found petitioner not guilty. The verdict indicates that the jury concluded that the defense evidence was not persuasive, but this in itself does not mean counsel was ineffective. The success or failure of a particular trial strategy is not a measure of an attorney's competence. *Fink* v. *State,* 280 Ark. 281, 658 S.W.2d 359 (1983). Mere errors, omissions or improvident strategy will not suffice to require an evidentiary hearing. *Hayes* v. *State,* 280 Ark. 509, 660 S.W.2d 648 (1983); *Hill* v. *State,* 278 Ark. 194, 644 S.W.2d 282 (1983).

## II.

Petitioner next alleges that counsel failed to adequately challenge two 1963 robbery convictions introduced during the penalty phase as proof of an aggravating circumstance. As support for the allegation he contends that he was mentally ill when the convictions were entered and that the robbery convictions do not meet the test for an aggravating circumstance under Arkansas law.

The judgments for the 1963 convictions indicate that petitioner waived his right to counsel and pleaded guilty. The judgments also indicate that petitioner was afforded an opportunity to speak in his own behalf to present information in mitigation of punishment. Petitioner contends that he was suffering from paranoia, schizophrenic

type, at the time and could not have intelligently waived his right to counsel.

The two robbery judgments in question note that petitioner had waived his right to counsel. There was nothing on the face of either judgment to open it to attack. When a judgment appears valid, the trial court is not required to reopen proceedings on the voluntariness of a guilty plea. Moreover, the state produced proof of four additional felony convictions from 1958 which petitioner does not claim were invalid. These convictions were for rape, assault with a deadly weapon, assault by force likely to produce great bodily injury and robbery in the first degree. Petitioner concedes that these four convictions would suffice to permit the jury to find the aggravating circumstance but argues that the consideration of the 1963 convictions would influence the jury unfairly to favor the death penalty because they were more recent than the 1958 convictions.

We do not find that counsel was ineffective in failing to raise the issue of petitioner's mental state in 1963. Even if the two robbery convictions were obtained while petitioner was suffering from psychosis, the failure of an aggravating circumstance does not invalidate a death sentence that is otherwise adequately supported by other proof of aggravating circumstances. See *Zant v. Stephens,* ____ U.S. ____, 103 S.Ct. 2733 (1983). Here, the four convictions from 1958 were sufficient to support the jury's finding that petitioner had previously committed another felony, an element of which was the use or threat of violence to another person or which created a substantial risk of death or serious physical injury. Ark. Stat. Ann. § 41-1303(3) (Repl. 1977).

Petitioner also contends that the two robbery convictions, if found to be the result of voluntary guilty pleas, were nevertheless insufficient as proof of an aggravating circumstance because there was no proof that the crimes did not involve the risk of threat of violence to another person or involve creating a substantial risk of death or serious physical injury. Petitioner states that he would show at an evidentiary hearing that the victims only thought he was armed when he was not and "only intimidation was used."

Counsel objected to proof of the robbery convictions as aggravating circumstances on the ground that it could not be determined from the judgments whether violence or the threat of violence was a factor. The objection was overruled. Since the threat of violence is inherent in the definition of robbery, *Hill, supra,* counsel cannot be faulted for not pursuing the matter further after his objection was overruled.

## III.

Petitioner alleges that counsel was remiss in not investigating, preparing and presenting evidence in the penalty phase to show that petitioner was suffering from a long standing mental illness at the time the crime was committed. Petitioner states that evidence could have been introduced to show that petitioner was diagnosed in 1959 and 1961 as being schizophrenic and declared legally insane in 1966, presumably by a Colorado doctor. Petitioner further alleges that his mother could have testified to his history of mental disorders had she been questioned about it.

The jury at petitioner's trial found that no mitigating circumstance existed at the time the crime was committed. Although petitioner alleges that he was mentally ill in 1959, 1961 and 1966 and that his mother could have testified to the duration of his mental illness, he offers no support for a finding that his mental illness affected his behavior at the time the crime was committed. Before trial, counsel requested a psychiatric examination for petitioner which was performed by the Arkansas Department of Human Services. The psychiatric report concluded that petitioner was without psychosis and probably not suffering from mental disease at the time the crime was committed to the degree that he was unable to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law. Petitioner has not demonstrated that counsel could have presented any evidence to negate that finding.

## IV.

Petitioner's final allegation concerns objections which

counsel failed to make at trial. He concedes that no one of the objections may have been so crucial that counsel was ineffective for failing to object, but he argues that when taken together there was ineffective assistance. This Court has not recognized cumulative error and we find no one of the instances cited by petitioner to be sufficient to find counsel ineffective. Counsel is presumed effective. *Hoover* v. *State,* 270 Ark. 978, 606 S.W.2d 749 (1980). To prevail on the allegation that counsel was ineffective for failure to object, petitioner would have to demonstrate that petitioner was prejudiced by the failure to object to the degree that he was denied a fair trial. See *Hill, supra; Blackmon* v. *State,* 274 Ark. 202, 623 S.W.2d 184 (1981). Petitioner's allegations do not establish that he was denied a fair trial.

He first raises counsel's failure to object to cross-examination during the testimony of Melvin Arnold, a witness for the defense in the penalty phase. Arnold was allowed to testify that he had never counseled with the victims of crimes. Petitioner alleges that the questioning was improper because the penalty phase is supposed to focus on the accused and the sentence to be imposed. Petitioner does not explain how the testimony was prejudicial. Allegations with no showing of prejudice do not merit relief under Rule 37. *Urquhart* v. *State,* 275 Ark. 486, 631 S.W.2d 304 (1982).

The State asked witness Arnold and another witness if they knew that the petitioner referred to himself as "reverend." Petitioner asserts that this was an attempt to challenge his character and that the state had no proof he had not been ordained. When petitioner testified in the penalty phase, he was asked if he was Reverend Henderson. He responded affirmatively and counsel objected that it was irrelevant. The court held that the question was proper. Since petitioner admitted that he was referred to as "reverend" and he has not explained why the reference in later questioning of the witnesses was prejudicial, there is no basis for an evidentiary hearing.

During rebuttal argument in the penalty phase, the state mentioned that sentences totaling eighteen years had

been imposed for the 1963 convictions. Petitioner contends that this amounted to an improper response to the defense comment that petitioner had not been in trouble for nineteen years, i.e. since 1963. He argues that the state implied that he had been in prison for the entire nineteen years which was not true, and thus argued false information.

When petitioner was convicted in 1963 two concurrent sentences of not less than five nor more than nine years were imposed. Even if it was not correct that a total sentence of eighteen years had been imposed because the terms were ordered served concurrently, the state did not link the eighteen year sentence to any statement by the defense. The prosecutor said:

> Ladies and Gentlemen, first of all, if you'll look at those '63 convictions you'll see the total sentence was 18 years was the maximum assessed. Please keep that in mind.

No further comment was made, and we cannot say that there was clear and convincing evidence that petitioner suffered any prejudice from the prosecutor's remark.

The state also said in its closing argument, "We cannot take a chance of letting this person back out," and "the community cannot afford to let these people who commit violent crimes go on and on and on." Without citing any authority, petitioner states that such argument is improper under Arkansas law. We do not find that the petitioner was denied a fair trial by the remarks. See *Floyd* v. *State,* 278 Ark. 342, 645 S.W.2d 690 (1983).

There are no perfect trials. Due process demands only that the accused receive a fair trial. *Roleson* v. *State,* 277 Ark. 148, 640 S.W.2d 113 (1982). Petitioner has alleged error, but mere error does not equate with ineffective assistance of counsel and the denial of a fair trial. *Hayes, supra.*

Petition denied.

PURTLE, DUDLEY and HOLLINGSWORTH, JJ., would grant.