George RILEY, Appellant,

v.

A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.

No. 83–1238.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 27, 1984.

Decided Feb. 3, 1984.

Rehearing Denied March 27, 1984.

Steve Clark, Atty. Gen. by Velda P. West, Asst. Atty. Gen., Little Rock, Ark., for appellee.

George Riley, pro se.

Before ROSS, ARNOLD and BOWMAN, Circuit Judges.

PER CURIAM.

George Riley was convicted of first-degree murder after a jury trial in the Pulaski County, Arkansas Circuit Court in March 1971. He was sentenced to life imprisonment. He appealed to the Arkansas Supreme Court, alleging that the trial court erred by failing to instruct the jury on lesser included offenses. The court affirmed the conviction upon a finding that the trial court had offered to instruct on second-degree murder, but declined to so charge the jury because Riley's trial counsel objected. *Riley v. State,* 251 Ark. 712, 474 S.W.2d 410 (1971). Riley next filed a motion in the Arkansas Circuit Court collaterally attacking his conviction and sentence on the grounds that he now presents to this court. The state circuit court denied the petition on April 4, 1978. Having exhausted his state remedies, Riley filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Ar-

kansas.[1] That court denied relief and dismissed the petition.

Riley appeals pro se, alleging that the district court erred: 1) in finding that the Arkansas Circuit Court properly denied his Rule 37 motion without issuing a written opinion, 2) in finding that his trial counsel rendered effective assistance, 3) in finding that he was not convicted as the result of perjured testimony, and 4) in refusing to grant an evidentiary hearing on his habeas corpus application. For the reasons set forth below, we affirm.

1) Arkansas Rule of Criminal Procedure 37 provides that a prisoner in state custody may collaterally attack a sentence on several grounds. Ark.R.Crim.P. 37.1 (repl.1977). The state court denied Riley's Rule 37 motion without issuing a written opinion setting forth findings of fact and conclusions of law. Riley argues that this was in violation of his constitutional rights. The argument is meritless; a Rule 37 motion is subject to summary disposition under Ark.R.Crim.P. 37.3(a) (Repl.1977). There is no requirement that the court issue a written memorandum when no hearing has been held.

2) Riley argues that his trial counsel was ineffective and also that he paid an attorney to appeal his Rule 37 denial and that attorney took no action. Both the Arkansas Supreme Court and the district court have reviewed the issue of ineffective assistance. Riley contends that trial counsel acted improperly when he objected to the trial court's charging the jury on second-degree murder. Of course, a petitioner shoulders a heavy burden in proving ineffective assistance. It is well settled that petitioner must show that his trial counsel failed to exercise the customary skills and diligence that a reasonably competent attorney would exercise under similar circumstances. To prevail, he must further establish that he was materially prejudiced in the defense of his case. *Holtan v. Parratt,* 683 F.2d 1163, 1167 (8th Cir.1982);

<hr />

1. The Honorable William R. Overton, United States District Court for the Eastern District of    Arkansas.

*DuPree v. United States,* 606 F.2d 829, 830, 831 (8th Cir.1979).

■ In the present case, both courts found that Riley's trial counsel employed an all-or-nothing strategy on the jury. In other words, counsel believed that the jury would not convict petitioner of first-degree murder, and having only the choice between life imprisonment and acquittal, would choose acquittal. There was no evidence that Riley disagreed with this tactical decision at the time. This court has held that hindsight, though a superior view, does not form the basis for finding a constitutional deprivation in strategic or tactical decisions. *Knott v. Mabry,* 671 F.2d 1208 (8th Cir. 1982).

■ As for Riley's second claim of ineffective assistance, we note that a defendant has a constitutional right to counsel on his first appeal. *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), but no such right attaches on subsequent discretionary appeals. *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974).

■ 3) Riley claims that his conviction was obtained through the use of perjured testimony. In support of this claim, he submitted a written statement allegedly prepared by one of the prosecution's witnesses. The witness, Henry King, claims to have been beaten by a deputy sheriff. King's affidavit states that he gave false testimony as a result of threats and the beating. The affidavit is dated April 19, 1976, some five years after the trial and five years prior to the filing of this habeas petition. The district court found that the affidavit was not entitled to any consideration by the court because its veracity and authenticity had not been established and it was entirely self-serving. In addition, the court found ample other testimony to support the conviction.

We agree with Riley that the district court erred in giving the affidavit no consideration whatsoever. An allegation that a witness was forced to testify is a serious one. However, we find that the error was harmless. We are satisfied beyond a reasonable doubt that the verdict of guilty would have been returned, and was amply supported by the evidence, even without Mr. King's testimony. The main fact established by King's testimony is that Riley was present at the family home when his wife was shot and killed. Riley does not deny this. He does not even deny that he shot his wife. His defense was that the shot was an accident. On that issue, King's testimony does not shed much light. King was not present when the shot was fired; he had just left the house. King did say that Riley, Riley's wife, and their daughter were "fussing" right before he (King) left the house, but the principal testimony on this issue was furnished by Riley's daughter, who was the state's major witness. We hold that King's testimony made little difference one way or the other.

■ 4) Finally, Riley contends that the district court erred in refusing to grant him an evidentiary hearing. The district court has the discretion to determine whether a petitioner is entitled to an evidentiary hearing. 28 U.S.C. § 2254(d); Rule 8(a) fol. § 2254. A habeas corpus petition may be properly dismissed without a hearing where facts are not in dispute or where the dispute can be resolved on the basis of the record. *Jensen v. Satran,* 688 F.2d 76 (8th Cir.1982); *Lindner v. Wyrick,* 644 F.2d 724 (8th Cir.1981). The record in the instant case is more than sufficient to form the basis for the district court's summary dismissal. We have thoroughly reviewed the record, including the district court's order and the briefs of the parties to this action. We find no merit to Riley's arguments, and accordingly affirm the order of the district court.