James D. SIMPSON, Appellant,

v.

A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.

No. 90–1617.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 26, 1990.

Decided Aug. 15, 1991.

Craig Lambert, Little Rock, Ark., John Wesley Hall, Jr., Little Rock, Ark., on brief, for appellant.

Joseph V. Svoboda, Little Rock, Ark., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

McMILLIAN, Circuit Judge.

James David Simpson appeals from a final judgment entered in the District Court[1] for the Eastern District of Arkansas denying his petition for writ of habeas corpus. *Simpson v. Lockhart*, No. PB–C–87–260 (E.D.Ark. Mar. 8, 1990) (order adopting magistrate judge's[2] amended findings of fact and conclusion of law); *id.* (Mar. 14, 1990) (judgment). For reversal petitioner argues the district court erred in denying his petition for habeas relief because (1) his second conviction for capital felony murder is barred by double jeopardy and (2) the Arkansas capital felony murder and first-degree felony murder statutes are unconstitutionally vague. For the reasons discussed below, we affirm the judgment of the district court.

## FACTUAL BACKGROUND

This habeas appeal involves questions of law. The historical facts are not in dispute. In 1979 petitioner shot and killed two brothers during a robbery. Petitioner also shot and severely wounded two other persons; one of them testified against him. The state charged petitioner with two counts of capital felony murder (the under-lying felony was aggravated robbery) and one count of aggravated robbery. The jury found petitioner guilty on all three counts. During the sentencing phase, the state presented evidence of three aggravating circumstances—petitioner had a prior violent felony conviction, had acted for pecuniary gain and had knowingly created a great risk of death to a person other than the victim. *See* Ark.Stat.Ann. § 41–1303 (repl. 1977) (citation to Arkansas statutes in effect at time of trial; subsequent statutory revision in 1987 did not substantively alter these statutes). The jury expressly found petitioner did not commit the murders for pecuniary gain, found the other two aggravating circumstances did exist, but did not impose the death penalty. The state trial court sentenced petitioner to two life sentences without parole for the two murder convictions and to life imprisonment for the aggravated robbery conviction.

In 1981 the Arkansas Supreme Court reversed the convictions and remanded the case for a new trial because the state trial court had improperly limited defense cross-examination of the state's key witness. *Simpson v. State*, 274 Ark. 188, 623 S.W.2d 200, 201–03 (1981). The court also held that petitioner could not be convicted of both capital felony murder and aggravated robbery because the aggravated robbery was "an included offense." 623 S.W.2d at 204, *citing Swaite v. State*, 272 Ark. 128, 612 S.W.2d 307 (1981). On remand the state prosecuted petitioner for the two capital felony murders only; the underlying felony was aggravated robbery. The jury found petitioner guilty of both capital felony murder counts, and petitioner was sentenced to two life sentences without parole.[3] The state supreme court affirmed the convictions. *Simpson v. State*, 278 Ark. 334, 645 S.W.2d 688 (1983).

---

1. The Honorable Elsijane Trimble Roy, Senior United States District Judge for the Eastern District of Arkansas.

2. The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

3. A defendant sentenced to life imprisonment by a capital sentencing jury is protected by the double jeopardy clause against imposition of the death penalty in the event the conviction is reversed and the defendant is retried. *Bullington v. Missouri*, 451 U.S. 430, 442, 101 S.Ct. 1852, 1860, 68 L.Ed.2d 270 (1981).

In October 1985 petitioner sought post-conviction relief in state court. Post-conviction relief was denied. In November 1985 petitioner filed a second motion for post-conviction relief, alleging that he had been convicted in violation of double jeopardy. The second motion was denied because petitioner had failed to raise the double jeopardy claim in the first motion for post-conviction relief. In April 1987 petitioner filed this habeas petition in federal district court. He claimed that (1) his convictions for capital felony murder, for which the underlying felony was aggravated robbery, violated double jeopardy because the jury in the first trial expressly found that he did not commit the murders for pecuniary gain and (2) the state capital felony murder statute and the first-degree felony murder statute are unconstitutionally vague because an accused can be charged with either offense for the same conduct.

The magistrate judge initially recommended denial of habeas relief. First, the magistrate judge held that the double jeopardy claim was not procedurally barred because defense counsel had in fact raised the claim in a motion in limine just before the second trial began. The magistrate judge also held that the double jeopardy claim was "so subtle" and novel that defense counsel could not have been expected to raise it at all. Amended Findings of Fact at 4–5 & n. 4, *citing Collins v. Lockhart*, 754 F.2d 258 (8th Cir.), *cert. denied*, 474 U.S. 1013, 106 S.Ct. 546, 88 L.Ed.2d 475 (1985).[4] Next, the magistrate judge concluded, on the merits, that there was no double jeopardy violation because the first jury's finding of no pecuniary gain was only relevant to the sentencing phase, not the guilt phase, and thus did not constitute an "acquittal" for purposes of double jeopardy analysis. Amended Findings of Fact at 7. Finally, the magistrate judge held that, even though the capital felony murder statute and the first-degree felony murder statute overlap, the statutes are not unconstitutionally vague because each statute states, with sufficient clarity, what conduct is forbidden and the consequences of violation. *Id.* at 8. The magistrate judge re-

---

4. *Collins v. Lockhart*, 754 F.2d 258, 264 (8th Cir.), *cert. denied*, 474 U.S. 1013, 106 S.Ct. 546, 88 L.Ed.2d 475 (1985), held that imposing the death penalty in a capital felony murder case on the basis of an aggravating circumstance (pecuniary gain) that duplicated an element of the underlying felony (robbery) was unconstitutional because such a process failed to " 'genuinely narrow the class of persons eligible for the death penalty and ... reasonably justify the imposition of a more severe sentence on the defendant compared to others found guilty of murder.' " *Id., citing Zant v. Stephens*, 462 U.S. 862, 877, 103 S.Ct. 2733, 2742, 77 L.Ed.2d 235 (1983). Later, *Perry v. Lockhart*, 871 F.2d 1384, 1392–93 (8th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 378, 107 L.Ed.2d 363 (1989), held that *Collins v. Lockhart* had been overruled by *Lowenfield v. Phelps*, 484 U.S. 231, 108 S.Ct. 546, 98 L.Ed.2d 568 (1988).

In *Lowenfield v. Phelps* the Supreme Court held imposition of a death sentence for first-degree murder did not violate the eighth amendment even though the single "aggravating circumstance" found by the jury, and upheld by the state courts, merely duplicated an element of the underlying offense of first-degree murder of which the defendant had been convicted at the guilt phase. 484 U.S. at 241–46, 108 S.Ct. at 552–55. The defendant had been convicted of first-degree murder under a Louisiana statute providing that "[f]irst degree murder is the kill-ing of a human being: ... [w]hen the offender has a specific intent to kill or to inflict great bodily harm upon more than one person." In the penalty phase the jury found a single aggravating circumstance of "knowingly creat[ing] a risk of death or great bodily harm to more than one person." The sole aggravating circumstance was thus identical to an element of the capital crime of which the defendant had been convicted. The defendant argued that "this overlap left the jury at the sentencing phase free merely to repeat one of its findings in the guilt phase, and thus not to narrow further in the sentencing phase the class of death-eligible murderers." *Id.* at 241, 108 S.Ct. at 553. The Supreme Court rejected the defendant's argument, holding that "the narrowing function required for a [constitutional] regime of capital punishment" may be provided either by the legislature itself (by restricting the definition of capital murder) or by the jury (the legislature broadly defines capital offenses and then the jury performs narrowing function by finding whether any aggravating circumstances exist). *Id.* at 246, 108 S.Ct. at 555, *citing Jurek v. Texas*, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976).

In *Perry v. Lockhart* we held that Arkansas, like Louisiana, had satisfied the constitutionally required narrowing function by statutorily defining "a specific group of crimes as capital murder eligible for the death penalty." 871 F.2d at 1393, *citing* Ark.Stat.Ann. § 41–1501 (repl. 1977).

considered his recommendation in light of *Perry v. Lockhart,* 871 F.2d 1384 (8th Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 378, 107 L.Ed.2d 363 (1989), and again recommended that habeas relief be denied. The district court adopted the recommendation of the magistrate judge and denied habeas relief. This appeal followed.

## DOUBLE JEOPARDY

Petitioner argues the collateral estoppel element of double jeopardy barred the state from retrying him for capital felony murder with aggravated robbery as the underlying felony. He argues that the first jury's finding that he did not commit the murders for pecuniary gain is equivalent to an acquittal of aggravated robbery because, under state law, pecuniary gain is an implicit element of the offense of aggravated robbery. Petitioner thus argues the state was collaterally estopped from relitigating whether he had committed aggravated robbery and could constitutionally retry him only for first-degree murder, for which the range of punishment is 10–40 years imprisonment or life with the possibility of parole. We disagree.

We have held that pecuniary gain is an implicit element of the offense of robbery under Arkansas law. *See Perry v. Lockhart,* 871 F.2d at 1392 n. 4 (pecuniary gain is implicit element of robbery), *citing Collins v. Lockhart,* 754 F.2d at 263. *But cf. Birchett v. State,* 294 Ark. 176, 741 S.W.2d 267, 270 (1987) (suggesting 1977 statutory revision shifted focus of aggravated robbery from taking of property to threat of physical harm). Thus, when the jury in the first trial convicted petitioner of aggravated robbery and capital felony murder for killing during the course of an aggravated robbery, it had already established the aggravating circumstance of pecuniary gain beyond a reasonable doubt. Nonetheless, at the sentencing phase, the jury expressly failed to find the aggravating circumstance of murder for pecuniary gain. This is an inconsistent verdict. "[A]n inconsistent verdict cannot be used to establish collateral estoppel and thereby bar retrial under the double jeopardy clause...." *Hoffer v. Morrow,* 797 F.2d 348, 352 (7th Cir.1986);

*see Harris v. Rivera,* 454 U.S. 339, 348, 102 S.Ct. 460, 465, 70 L.Ed.2d 530 (1981) (per curiam) (no habeas relief on basis of inconsistent verdicts following state bench trial). This is because "once [it] is established [that the jury reached inconsistent results,] principles of collateral estoppel—which are predicated on the assumption that the jury acted rationally and found certain facts in reaching its verdict—are no longer useful." *United States v. Powell,* 469 U.S. 57, 68–69, 105 S.Ct. 471, 478, 83 L.Ed.2d 461 (1984) (acquittal of defendant on one count does not require reversal of conviction on another even if acquittal and conviction are logically inconsistent); *see Dunn v. United States,* 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932).

## STATUTORY OVERLAP

Petitioner next argues the Arkansas capital felony murder and first-degree felony murder statutes are unconstitutionally vague because they overlap in such a way that a defendant could be charged with either offense for precisely the same conduct. In Arkansas capital murder includes felony murder if the underlying felony is one of seven specified felonies. Ark.Stat. Ann. § 41–1501 (repl. 1977) (rape, kidnapping, arson, vehicular piracy, robbery, burglary, escape in the first degree) (now Ark. Code Ann. § 5–10–101) (1987)). First-degree murder also includes felony murder, Ark.Stat.Ann. § 41–1502 (repl. 1977) (killing in course of "a felony") (now Ark.Code Ann. § 5–10–102 (1987)), and the Arkansas Supreme Court has held that the felonies specified in the capital felony murder statute are included within the general "felony" in the first-degree murder statute. *E.g., Henderson v. State,* 279 Ark. 414, 652 S.W.2d 26, *cert. denied,* 464 U.S. 1012, 104 S.Ct. 536, 78 L.Ed.2d 716 (1983). Petitioner argues this statutory overlap impermissibly affords prosecutors, and juries, what amounts to unbridled, as well as possibly discriminatory, discretion to choose between capital and first-degree murder and thus presents the risk that conviction for capital or first-degree felony murder, and the possible imposition of a death sentence, will be arbitrary. We disagree.

"A criminal statute is ... invalid if it 'fails to give ... person[s] of ordinary intelligence fair notice that [their] contemplated conduct is forbidden.'" *United States v. Batchelder*, 442 U.S. 114, 123, 99 S.Ct. 2198, 2203, 60 L.Ed.2d 755 (1979) (overlapping firearms statutes), *citing United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954). Similarly, "vague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute." *United States v. Batchelder*, 442 U.S. at 123, 99 S.Ct. at 2204. Here, each statute unambiguously specifies the conduct prohibited and the penalties authorized upon conviction. This satisfies the fair notice requirements of the due process clause. *Id.; accord Cromwell v. State*, 269 Ark. 104, 598 S.W.2d 733 (1980). "Although the statutes create uncertainty as to which crime may be charged and therefore what penalties may be imposed, they do so to no greater extent than would a single statute authorizing various alternative punishments." *United States v. Batchelder*, 442 U.S. at 123, 99 S.Ct. at 2204.

Petitioner does not argue that the state's decision to prosecute him for capital felony murder statute rather than first-degree felony murder was in some way discriminatory. *See id.* at 123–24, 99 S.Ct. at 2203–04 (when act violates more than one criminal statute, defendant may be prosecuted under either so long as no discrimination against any class of defendants).

We therefore hold the overlapping capital felony murder and first-degree felony murder statutes are not unconstitutionally vague.

Accordingly, the judgment of the district court denying habeas relief is affirmed.