# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3155

_____

Andre Williams Sr.

*Petitioner - Appellant*

v.

Ian Wallace

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: June 7, 2017
Filed: August 31, 2017
[Unpublished]

_____

Before LOKEN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

In 2010, Andre Williams Sr. pleaded guilty to one count of robbery in the first degree and one count of armed criminal action in violation of Missouri law. Williams's guilty plea was predicated on DNA evidence linking him to a skull cap left at the robbery. After various attempts at post-conviction and habeas relief in state court, Williams purportedly received newly discovered documents from an

anonymous individual in the St. Louis County Police Department ("Department"). On their face, the documents appear to be official DNA reports and internal communications between named individuals in the Department's crime laboratory.

Williams filed a *pro se* petition for a writ of habeas corpus in federal district court under 28 U.S.C. § 2254. He argued that the newly discovered documents show a conspiracy by law enforcement to fabricate the DNA evidence linking him to the robbery. Williams moved to compel discovery of the state's DNA evidence, twice requested an evidentiary hearing, and submitted the documents to the district court. The district court, however, declined to rule on his requests for an evidentiary hearing. The district court also declined to rule on whether Williams had properly exhausted his claim in state court. Instead, the district court denied his motion to compel discovery and denied his petition on the merits because it concluded that Williams could not overcome his guilty plea with "unauthenticated" documents. We granted a certificate of appealability and now reverse and remand.

This Court has previously held that a district court errs in refusing to consider a habeas petitioner's newly discovered evidence merely because the evidence has not yet been authenticated or verified. See Riley v. Lockhart, 726 F.2d 421, 423 (8th Cir. 1984) (per curiam) ("The district court found that [an] affidavit [from a trial witness alleging the witness was forced to give false testimony against the petitioner] was not entitled to any consideration by the court because its veracity and authenticity had not been established . . . . We agree with [the petitioner] that the district court erred in giving the affidavit no consideration whatsoever. An allegation that a witness was forced to testify is a serious one."). Although AEDPA, 28 U.S.C. § 2254(e)(2), imposes strict standards as to whether a state prisoner may receive an evidentiary hearing in federal court, our core holding in Riley has not been abrogated by these standards.

Here, Williams twice requested an evidentiary hearing. Instead of analyzing whether Williams could receive such a hearing, the district court denied his petition because his evidence is "unauthenticated." This was error. On the present record, moreover, we cannot say this error was harmless. See Riley, 726 F.2d at 423. Williams's allegations are serious, and there are no obvious facial infirmities in the documents Williams presented to support those allegations. Accordingly, because the district court did not first decide whether Williams was entitled to an evidentiary hearing to authenticate his documents, the district court erred by denying his petition on the merits simply because the documents are unauthenticated.

To be clear, we hold only that the district court's rationale for denying the petition was inadequate. We decline to decide whether, under § 2254(e)(2), Williams may receive the evidentiary hearing he seeks. See Williams v. Taylor, 529 U.S. 420, 431–45 (2000) (setting out the proper application of § 2254(e)(2)). We also decline to decide any other issues raised by the parties. As necessary, these issues are for the district court to decide in the first instance on remand.

The judgment of the district court is reversed, and we remand for proceedings consistent with this opinion.[1]

---

[1] Williams's motion for leave to add his input to oral argument, filed July 17, 2017, is denied as moot.