# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1182
_____

Brent Black

*Movant - Appellant*

v.

Doris Falkenrath, Superintendent

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: November 15, 2023
Filed: February 28, 2024

_____

Before LOKEN, ERICKSON, and GRASZ, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Following a jury trial, Brent Black was sentenced in state court to consecutive terms of 12 years' imprisonment for child abuse and life imprisonment for second-degree murder. After the Missouri Court of Appeals affirmed Black's conviction and sentence, he unsuccessfully pursued postconviction relief in state court. Now before us is Black's 28 U.S.C. § 2254 petition in which he raised for the first time a claim that his trial counsel was ineffective for not requesting a lesser-included jury

instruction for involuntary manslaughter. The district court[1] determined that Black had no right to an evidentiary hearing or to expand the state court record, and the record did not support a finding of ineffective assistance of counsel. We affirm.

## I.   BACKGROUND

Black was charged with first-degree child abuse and second-degree murder of S.G., his girlfriend's 11-month-old daughter. During the four-day trial, the state's experts opined that S.G.'s injuries were most likely the result of abusive head trauma caused by another person. In contrast, Black's expert testified that choking on a baby wipe could have led to S.G.'s death through a condition called hypoxia. During deliberations, the jurors asked for the definition of second-degree murder and whether they could agree to a lesser charge. The judge directed the jury to the instruction setting forth the definition of murder in the second degree and told the jurors to consider the instructions that had been provided. On two occasions, the jury indicated they were at an impasse, but ultimately convicted Black on both counts as charged.

After his appeal and habeas petition were unsuccessful in state court, Black filed the instant federal habeas petition, asserting for the first time that trial counsel was ineffective for failing to request the jury be instructed on involuntary manslaughter. The district court held that Black's claim was procedurally defaulted for failure to raise it in state court. The court initially ordered a hearing to determine (1) whether Black's failure to raise the claim was excusable under Martinez v. Ryan, 566 U.S. 1 (2012), due to the alleged ineffective assistance of postconviction counsel, and (2) whether Black's underlying ineffective assistance of trial counsel claim was valid. One week later, the Supreme Court decided Shinn v. Ramirez, 596 U.S. 366 (2022). Armed with Shinn, the district court revisited its earlier order and concluded that it lacked authority to conduct an evidentiary hearing and denied Black's § 2254 petition on the existing state court record.

---

[1]The Honorable Nanette K. Laughrey, United States District Court for the Western District of Missouri.

## II.   DISCUSSION

One limitation under the Antiterrorism and Effective Death Penalty Act ("ADEPA") is that state prisoners must exhaust their remedies in state court. 28 U.S.C. § 2254(b)(1)(A).  If a petitioner fails to exhaust a claim in state court, it is subject to dismissal in federal court for procedural default.  Shinn, 596 U.S. at 378. A prisoner may overcome procedural default by showing cause for the default and prejudice.  Martinez, 566 U.S. at 10.  Before the Supreme Court's decision in Shinn, federal courts, relying on Martinez, held evidentiary hearings to determine whether to excuse a prisoner's procedural default due to ineffective assistance of postconviction counsel as well as the merits of the underlying ineffective assistance of trial counsel claim.  See, e.g., Sasser v. Hobbs, 735 F.3d 833, 853-54 (8th Cir. 2013).

Black concedes that his underlying claim of ineffective assistance of trial counsel is procedurally defaulted.  He also concedes that Shinn prohibits any hearing on an underlying claim when the petitioner failed to adequately develop the supporting facts in state court.  He instead argues that he is entitled to a hearing under Martinez to establish his procedural default is excusable, allowing him to proceed with his underlying claim on the state court record.  While Shinn reserved deciding whether habeas petitioners are entitled to Martinez hearings when the circumstances in 28 U.S.C. § 2254(e)(2) are not satisfied, the Court stated that a Martinez hearing is improper if the newly developed evidence would never entitle the petitioner to federal habeas relief.  Shinn, 596 U.S. at 389-90.

Black argues the record shows trial counsel's decision to forego an instruction for the lesser-included offense of involuntary manslaughter was objectively unreasonable under Strickland v. Washington, 466 U.S. 668, 688 (1984).  Black, however, cannot overcome the presumption that trial counsel's challenged conduct was sound trial strategy.  The evidence in the state court record demonstrates that trial counsel thoughtfully chose what he believed was the best approach to employ at trial and faithfully pursued it.  That strategy was to prove Black's version of events

occurred, making him innocent of all charges.  Declining to request a lesser-included offense instruction was consistent with such a strategy.

We previously concluded that a similar "all-or-nothing" approach was not ineffective assistance of counsel in Riley v. Lockhart, 726 F.2d 421, 423 (8th Cir. 1984). In Riley, counsel rejected the court's offer to instruct the jury on second-degree murder believing the jury would choose acquittal over life imprisonment for first-degree murder.  Id. at 422-23.  Absent evidence that the defendant disagreed with the decision at the time, we reasoned that hindsight "does not form the basis for finding a constitutional deprivation in strategic or tactical decisions."  Id. at 423; Neal v. Acevedo, 114 F.3d 803, 806 (8th Cir. 1997) (finding that trial counsel's decision not to request a lesser-included offense instruction was reasonable trial strategy because the instructions would have been inconsistent with the defendant's defense).

Additionally, in analyzing Black's claim, we must consider trial counsel's overall performance throughout the case.  Kimmelmann v. Morrison, 477 U.S. 365, 386 (1986).  Here, Black's counsel took numerous actions over the course of the trial to bolster his theory of the case, including conducting thorough cross-examinations of the state's experts, eliciting testimony that discredited the state's timeline, and establishing an interpretation of the medical evidence that supported Black's account. The jury twice informed the court during deliberations that it was at an impasse.  The record does not support Black's assertion that because of counsel's conduct there was "virtually no chance" he would have been acquitted.

Because Black has not shown trial counsel was ineffective, he would not be entitled to federal habeas relief nor is an evidentiary hearing under Martinez permitted.  See Shinn, 596 U.S. at 390.

## III.   CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

_____