SLIP OPINION

Cite as 2015 Ark. 18

# SUPREME COURT OF ARKANSAS

No. CR-13-35

| | | |
|---|---|---|
| RICKY RAY ANDERSON | | **Opinion Delivered** January 22, 2015 |
| | APPELLANT | |
| V. | | PRO SE APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72CR-09-1230] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE WILLIAM A. STOREY, JUDGE |
| | | AFFIRMED. |

**PER CURIAM**

Appellant Ricky Ray Anderson appeals the denial of his petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2014) that challenged a judgment reflecting his conviction for capital murder and sentence of life imprisonment without the possibility of parole. We affirm the order denying postconviction relief.

In 2010, a jury found appellant guilty of murdering Jill Ulmer, his former girlfriend. This court affirmed the judgment. *Anderson v. State*, 2011 Ark. 461, 385 S.W.3d 214. Appellant then filed in the trial court a timely, verified petition under Rule 37.1. The trial court held a hearing on the petition, and it entered an order with findings of facts and conclusions of law that denied and dismissed the petition. Appellant lodged this appeal and alleges that the trial court erred in denying his motion for appointment of counsel, failed to provide an adequate order, and failed to find that counsel was ineffective, as well as a number of additional bases.

Appellant's briefs are difficult to follow. He attempts to raise numerous claims not raised

SLIP OPINION

below and not addressed by the circuit court, and he expands the arguments for those claims he did raise.[1]  Claims not raised below are not preserved for appellate review.  *Pollard v. State*, 2014 Ark. 226 (per curiam).  An appellant is limited to the scope and nature of his arguments made below, and we consider only those arguments that were considered by the trial court in rendering its ruling.  *See Stewart v. State*, 2014 Ark. 419, 443 S.W.3d 538 (per curiam).

Appellant claims that it was error for the trial court not to appoint counsel to represent him for the Rule 37.1 proceedings, which he asserts was required under the United States Supreme Court's holdings in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013).  This argument was not preserved at the trial court.  The court acknowledged that appellant had sought counsel through a motion and that it had not appointed counsel, but the court did not provide a clear ruling on the request nor did appellant clearly object.

Appellant next contends that the trial court was required to provide a ruling on all claims raised in the proceedings and that the order was therefore insufficient under our procedural rules.  It is true that Arkansas Rule of Criminal Procedure 37.3(a) provides that the trial court must provide written findings specifying the parts of the files or records relied on in support of its findings before dismissing a Rule 37.1 petition summarily.  In cases where this court cannot determine from the record that the petition is wholly without merit or where the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted,

---

[1]Appellant, for example, includes allegations in his brief that the judge in the Rule 37.1 proceedings was biased or had a "personal interest," although he provides no factual substantiation for those conclusory claims.  In addition to a related claim of ineffective assistance of counsel, he asserts an independent constitutional claim that the trial court abused its discretion in failing to allocate funds to hire an independent investigator and experts.  There is no indication in the record that these issues were raised below or ruled upon.

SLIP OPINION

the failure to provide written findings on a claim may be reversible error. *Guevara v. State*, 2014 Ark. 200. Here, the trial court did not dismiss the petition summarily under Rule 37.3(a), and it conducted an evidentiary hearing. The court was required to determine the issues and make written findings of fact and conclusions of law with respect to those issues. Ark. R. Crim. P. 37.3(c). However, it is the obligation of an appellant to obtain a ruling from the trial court in order to preserve an issue for appellate review under those circumstances. *State v. Rainer*, 2014 Ark. 306, 440 S.W.3d 315. Thus, because there was a hearing on the petition, if the trial court's order did omit issues, there was no error in the adequacy of the order that warrants reversal.

Because appellant failed to request an order supplementing the trial court's rulings or obtain a ruling on the omitted issues, our review is limited to the issues that were raised below, which appellant raises on appeal, and for which the trial court provided a ruling. This court does not reverse the grant or denial of postconviction relief unless the trial court's findings are clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

The relevant issues are claims of ineffective assistance of counsel. On review of claims of ineffective assistance of trial counsel, this court follows the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) and, under that two-prong analysis, to prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Wertz v. State*, 2014 Ark. 240, 434 S.W.3d 895. To satisfy the first prong of the *Strickland* test, a postconviction petitioner must

show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Walton v. State*, 2013 Ark. 254 (per curiam).

Judicial review of counsel's performance must be highly deferential, and a fair assessment of counsel's performance under *Strickland* requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from counsel's perspective at the time. *Carter v. State*, 2010 Ark. 231, 364 S.W.3d 46 (per curiam). There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Id.*

This court has held that, in order to meet the second prong of the test, a claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Delamar v. State*, 2011 Ark. 87 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in the sentencing. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006).

Unless a petitioner under Rule 37 makes both required showings under the *Strickland* analysis, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Jordan v. State*, 2013 Ark. 469 (per curiam). There is

therefore no reason for a court deciding an ineffective-assistance claim to address both components of the inquiry if the petitioner fails to make a sufficient showing on one. *See id.*; *see also Davis v. State*, 2014 Ark. 17 (per curiam).

Applying this standard, under the circumstances here, appellant could not prevail on a claim of ineffective assistance that alleged prejudice concerning the sentencing phase of his trial. Appellant received the most favorable outcome possible at trial regarding punishment, in that, after appellant had been found guilty of capital murder, he was not sentenced to the harsher of the two possible punishments. *See State v. Smith*, 368 Ark. 620, 249 S.W.3d 119 (2007) (holding that prejudice was not shown as a matter of law where appellant received less than the maximum sentence for the offense charged). So, we need not consider further any claims that appellant raised concerning the sentencing phase of the trial, regardless of whether the claim was raised below and ruled on by the trial court.

Of those claims remaining, appellant's first claim of error is that counsel was ineffective for failing to object to the denial of access to funds for an investigator and a mental-health expert to pursue a mental-defect defense. Appellant contends that the investigation of his case was compromised as a result. The trial court did not clearly identify this issue as one on which it provided a ruling, but, to the extent that the claim was raised and may have been ruled on in the trial court's generalized findings, the trial court correctly determined that appellant failed to demonstrate prejudice.

Appellant was first represented by independent counsel, and, when the motion for funds was considered, the court appointed public defenders to also represent him. The court noted

that it did so because the public defenders had access to resources to provide appellant with the investigators and experts requested. As the trial court found, the defense did engage experts following appellant's evaluation at the State hospital who provided independent mental-health evaluations, and appellant points to no facts to demonstrate that some other expert could have provided more useful reports. Appellant did not therefore demonstrate prejudice from counsel's failure to object to denial of funds to engage outside experts.

Appellant next argues that counsel was ineffective for failing to raise and preserve for appeal an argument that the causation instruction given to the jury impermissibly shifted the burden of proof. To the extent that appellant received a ruling on this issue, the trial court was correct to conclude that appellant failed to demonstrate prejudice.

Appellant contends that counsel should have preserved the argument that the burden of proof shifted impermissibly because the jury instruction required him to show that his actions were clearly insufficient to cause the victim's death. But, the instruction in question specifically stated that "the State must prove that Ricky Anderson caused a particular result," with the result being Ulmer's death.[2] Appellant was not required by the instructions to show that his actions were clearly insufficient to cause Ulmer's death. Instead, the jury instruction provided for an affirmative defense, where the State was required to show that Ulmer's death resulted from

---

[2]The specific language of the instruction given was as follows:

In these instructions, you will be told that the State must prove that Ricky Anderson caused a particular result. Causation exists when the result would not have occurred except for the conduct of Ricky Anderson operating either alone or together with another cause unless the other cause was clearly sufficient to produce the result and the conduct of Ricky Anderson was clearly insufficient by itself.

appellant's conduct either alone or together with another cause, but, if there were multiple causes of her death, appellant could show that another cause was clearly sufficient to produce the result and that appellant's conduct was clearly insufficient by itself. Appellant identified no mandatory presumption of an element of the crime or other way in which the instruction dictated that the jury was required to find causation. *See Jefferson v. State*, 372 Ark. 307, 276 S.W.3d 214 (2008); *Jones v. State*, 336 Ark. 191, 984 S.W.2d 432 (1999); *see also Sandstrom v. Montana*, 442 U.S. 510 (1979).

Next, appellant challenges the sufficiency of the evidence against him. The trial court found that the judgment was supported by the evidence. Challenges to the sufficiency of the evidence are not cognizable under Rule 37.1, even if framed as an allegation of ineffective assistance, where the claim amounts to a direct attack on the judgment. *Winters v. State*, 2014 Ark. 399, 441 S.W.3d 22 (per curiam). Moreover, this court addressed the sufficiency of the evidence on direct appeal and upheld the judgment. *Anderson*, 2011 Ark. 461, at 6, 385 S.W.3d at 219.

Finally, appellant asserts that the trial court incorrectly found that it was trial strategy for his attorneys not to have tested the knives at the crime scene for fingerprints and that counsel were not ineffective for failing to adequately investigate the issue of his competency. As already noted, counsel did engage independent evaluations of appellant's mental condition, and appellant did not demonstrate how further investigation might have provided more favorable evidence concerning his competency. One of appellant's attorneys testified in the hearing on the Rule 37.1 petition that counsel had discussed requesting testing of the knives for fingerprints,

but decided that it would be better to be able to argue that the knives had never been tested. Cristi Beaumont, one of appellant's appointed attorneys, testified that the concern was that appellant had admitted that he had touched the knives and the testing could have potentially confirmed that.

Matters of trial strategy and tactics, even if arguably improvident, fall within the realm of counsel's professional judgment and are not grounds for a finding of ineffective assistance of counsel. *Mister v. State*, 2014 Ark. 446. While the decisions must be based on reasonable professional judgment, counsel is allowed great leeway in making strategic and tactical decisions. *Stewart*, 2014 Ark. 419, 443 S.W.3d 538.

Counsel in this case articulated how the tactical decision not to test for fingerprints furthered the adopted strategy. To the extent that appellant may be asserting that counsel unreasonably failed to adopt his desired defense theory that the police inflicted the wounds postmortem, Beaumont also addressed that issue in her testimony and indicated that counsel believed that there was not sufficient evidence to present that defense without a loss of credibility.

It was appellant's burden to show that specific acts or omissions by counsel could not have been the result of reasonable professional judgment. He did not demonstrate that the chosen strategy was unreasonable or that other attorneys would have sought to have the fingerprint testing done, and he thus did not meet his burden to overcome the presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance. *See Simpson v. State*, 355 Ark. 294, 138 S.W.3d 671 (2003). The trial court was therefore not clearly

erroneous in finding that counsel was not ineffective.

Affirmed.

*Ricky Ray Anderson*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.