Cite as 2015 Ark. 162

# SUPREME COURT OF ARKANSAS

No. CR-14-1114

| | | |
|---|---|---|
| JOHNATHAN JOHNSTON | | **Opinion Delivered** April 9, 2015 |
| | APPELLANT | |
| V. | | PRO SE MOTION FOR EXTENSION OF BRIEF TIME |
| | | [PULASKI COUNTY CIRCUIT COURT [NO. 60CR-11-3866] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE HERBERT T. WRIGHT, JR., JUDGE |
| | | APPEAL DISMISSED; MOTION MOOT. |

**PER CURIAM**

In 2013, appellant Johnathan Johnston was found guilty by a jury of three counts of rape.

He was sentenced to 480 months' imprisonment for each count to be served concurrently. We

affirmed. *Johnston v. State*, 2014 Ark. 110, 431 S.W.3d 895.

In 2014, appellant timely filed in the trial court a verified, pro se petition for

postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013). The trial

court denied the petition, and appellant lodged an appeal from that order in this court. He now

seeks by pro se motion an extension of time to file his brief-in-chief. Because it is clear from

the record that appellant could not prevail if the appeal were permitted to go forward, the appeal

is dismissed, and the motion is moot. *See Winters v. State*, 2014 Ark. 399, 441 S.W.3d 22 (per

curiam).

Appellant was charged in 2011 with raping his then nine-year-old daughter between 2006

and 2011. The victim testified that appellant had begun raping her when she was four or five

years old during her weekly visitation with him, which was established following her parents' divorce. She stated that the rapes occurred several times during each weekend visit and that appellant raped her vaginally, orally, and anally. The victim further testified that appellant had occasionally used a condom but that he typically ejaculated on her. The victim explained that appellant used threats to obtain her silence, but she decided in 2011 to reveal the abuse. While appellant would normally have the victim change her clothes and shower after the rapes, she decided not to change her underwear before she went home one weekend. After the victim returned home and told her grandmother about the rapes, she was taken to Arkansas Children's Hospital, where she underwent a sexual-assault examination. A swab taken from her vagina tested positive for sperm cells, although the cells were unable to be DNA typed. The underwear that the victim had worn home that weekend was also examined, and appellant's semen was found in the crotch area. His semen was also found on four other pairs of the victim's underwear seized from appellant's home. A forensic sexual-assault examination conducted two weeks later revealed that the victim had a major tear in her hymen that indicated sexual abuse involving penetrating trauma.

In his Rule 37.1 petition, appellant's claim for postconviction relief was that he was not afforded effective assistance of counsel at trial. This court has held that it will reverse the trial court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Anderson v. State*, 2015 Ark. 18, ___ S.W.3d ___ (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed.

SLIP OPINION

*Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694.

When considering an appeal from a trial court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Chunestudy v. State*, 2014 Ark. 345, 438 S.W.3d 923 (per curiam).

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55. Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, 426 S.W.3d 462. A petitioner making an ineffective-assistance-of-counsel

SLIP OPINION

claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Breeden v. State*, 2014 Ark. 159 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Appellant's grounds for postconviction relief under the Rule pertained to counsel's failure to obtain expert witnesses to testify for the defense to combat the evidence adduced by the State that the victim had been repeatedly raped by appellant. He first alleged that counsel was remiss for not obtaining an expert witness who would have testified that the victim's allegations could not have been true because a person of his large size would have caused major physical injury to the child if he had raped her multiple times over several years. He argued that an expert's discrediting of the child's testimony would have had a "serious impact on the guilt and innocence phase of the jury's consideration, and at sentencing had the jury convicted of a lesser included offense." He further contended that an expert should also have been called to testify

SLIP OPINION

that, if the victim had been repeatedly raped as she testified, she would surely have contracted a certain sexually transmitted disease with which he was known to suffer. Appellant did not identify particular witnesses who could have been called to provide the testimony on the lack of physical injury to the victim or the failure of the victim to contract the sexually transmitted disease. He also did not establish that the testimony of either witness would have been admissible into evidence.

Appellant also asserted that counsel should have called a psychiatrist or psychologist as an expert witness in the field of "psychosexual behavior and/or sex therapy." Again, without identifying any such witness who was available or establishing that the witness's testimony would have been admissible, appellant claimed that the expert could have informed the jury that appellant had never had a desire, propensity, or urge to have sexual contact with a child. Noting that there was incriminating evidence introduced at trial of files on appellant's computer depicting pornographic images, appellant argued that there was no evidence as to who had created the files or who had viewed them.

Appellant did not establish that the failure of counsel to obtain the testimony of any of the three expert witnesses violated the *Strickland* standard for a showing of ineffective assistance of counsel. This court has held that the objective in reviewing an assertion of ineffective assistance of counsel concerning the failure to call a certain witness is to determine whether this failure resulted in actual prejudice that denied the petitioner a fair trial. *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam). In order to demonstrate prejudice, appellant must establish that there is a reasonable probability that, had counsel performed further investigation and

presented the expert witness, the outcome of the trial would have been different. *See Shipman v. State*, 2010 Ark. 499 (per curiam). The burden is on the petitioner to establish the admissibility of the witness's testimony. *See Hayes*, 2011 Ark. 327, 383 S.W.3d 824; *see also Pollard v. State*, 2014 Ark. 226 (citing *Moten v. State*, 2013 Ark. 503 (per curiam)). The decision to call or not to call a particular witness is generally a matter of professional judgment and trial strategy that is outside the purview of Rule 37.1. *Feuget v. State*, 2015 Ark. 43, ___ S.W.3d ___ (citing *Nelson v. State*, 344 Ark. 407, 39 S.W.3d 791 (2001) (per curiam)). The fact that there was a witness, or witnesses, who could have offered beneficial testimony is not, in itself, proof of counsel's ineffectiveness. *Fueget*, 2015 Ark. 43, ___ S.W.3d ___.

With respect to the claims pertaining to the lack of injury to the victim and her failure to contract the sexually transmitted disease from appellant, considering the totality of the evidence, which included appellant's semen found on five pairs of the victim's underwear and a major tear in her hymen, even had experts testified in the manner desired by appellant, it does not follow that such testimony would have completely negated the victim's testimony that she was repeatedly raped. The jury would have been free to believe all or part of her testimony. *Hayes*, 2011 Ark. 327, 383 S.W.3d 824. Accordingly, we cannot say that the trial court erred in concluding that the potential expert testimony, as presented by appellant, would have been sufficient to raise the probability that the outcome of the trial would have been different. As to the allegations that an expert could have testified that appellant did not have a proclivity for sex with a child, appellant again did not establish that the testimony would have been admissible. Also, there is nothing in the petition to demonstrate that there is a reasonable probability that

SLIP OPINION

the outcome of the trial would have been different in light of the evidence adduced at trial. Appellant offered no statement of compelling evidence that any of the expert witnesses, even if the experts could have offered admissible testimony, would have countermanded the evidence against appellant when that evidence is considered in its totality. *See Green v. State*, 2014 Ark. 284 (per curiam).

When a petitioner pursuant to the Rule claims ineffective assistance of counsel based on the failure of counsel to call an expert witness, the petitioner bears the heavy burden of supporting his allegations with facts that established that the defense suffered actual prejudice arising from counsel's conduct. *See Fueget*, 2015 Ark. 43, ___ S.W.3d ___. As stated, there is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance. *Anderson*, 2015 Ark. 18, ___ S.W.3d ___. The claimant must provide facts that affirmatively support his or her claims of prejudice; neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting a Rule 37.1 petition. *Green*, 2014 Ark. 284; *Dixon v. State*, 2014 Ark. 97 (per curiam) (citing *Abernathy*, 2012 Ark. 59, 386 S.W.3d 477). Appellant did not show that there is a reasonable probability that, but for counsel's error, the fact-finder would have had a reasonable doubt respecting guilt and the outcome of the proceeding would have been different. *See Fueget*, 2015 Ark. 43, ___ S.W.3d ___.

Underlying each of appellant's assertions of ineffective assistance of counsel were extensive challenges to the sufficiency of the evidence to support the judgment of conviction.

SLIP OPINION

To the extent that the allegations pertaining to the failure of counsel to call expert witnesses were intended as a direct or indirect challenge to the sufficiency of the evidence, Rule 37.1 does not provide a means to attack the weight of the evidence to support the conviction. *See Williams v. State*, 2013 Ark. 375 (per curiam); *Pride v. State*, 285 Ark. 89, 684 S.W.2d 819 (1985) (per curiam). It is well settled that Rule 37.1 does not afford an opportunity to a convicted defendant to challenge the sufficiency of the evidence merely because the petitioner has raised the challenge as an allegation of ineffective assistance of counsel. *Nickelson v. State*, 2013 Ark. 252 (per curiam) (citing *Norris v. State*, 2013 Ark. 205, 427 S.W.3d 626 (per curiam) (The trial court was correct to deny relief on a Rule 37.1 petition where the claims, while framed as allegations of ineffective assistance of counsel, were a challenge to the sufficiency of the evidence because such claims are a direct attack on the judgment and not cognizable under the Rule.)).

Appeal dismissed; motion moot.