SLIP OPINION

Cite as 2015 Ark. 250

# SUPREME COURT OF ARKANSAS

No. CR-14-1083

| | |
|---|---|
| DANNY STALNAKER<br><div align="right">APPELLANT</div> | **Opinion Delivered** May 28, 2015 |
| V. | PRO SE APPEAL FROM THE SALINE COUNTY CIRCUIT COURT<br>[NO. 63CR-12-341] |
| STATE OF ARKANSAS<br><div align="right">APPELLEE</div> | HONORABLE BOBBY McCALLISTER, JUDGE |
| | AFFIRMED. |

**PER CURIAM**

In 2013, Danny Stalnaker was found guilty by a jury of murder in the second degree and being a felon in possession of a firearm. He was sentenced as a habitual offender to an aggregate term of 540 months' imprisonment and a fine of $20,000. The Arkansas Court of Appeals affirmed. *Stalnaker v. State*, 2014 Ark. App. 412, 437 S.W.3d 700.

Subsequently, Stalnaker timely filed in the trial court a verified, pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013), claiming that he was denied effective assistance of counsel. The trial court denied the petition. Stalnaker brings this appeal.[1]

---

[1]In his brief on appeal, Stalnaker has restated some of the issues raised in the petition filed below and in some instances added arguments. On appeal, an appellant is limited to the scope and nature of the arguments he made below and that were considered by the circuit court in rendering its ruling. For that reason, we will consider only those argument in the brief which were raised below and the support for those claims that appeared in the petition. *Feuget v. State*, 2015 Ark. 43, 8, 454 S.W.3d 734, 740 (2015). Any allegation raised below which is not argued in this appeal is considered abandoned. *See Beverage v. State*, 2015 Ark. 112, ___ S.W.3d ___.

We do not reverse the grant or denial of postconviction relief unless the trial court's findings are clearly erroneous. *Lemaster v. State*, 2015 Ark. 167, ___ S.W.3d ___. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sales v. State*, 2014 Ark. 384, 441 S.W.3d 883.

We assess the effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694. Under this standard, the petitioner must first show that counsel's performance was deficient. *Id.* This requires a showing that counsel made errors so serious that counsel deprived the petitioner of the counsel guaranteed to the petitioner by the Sixth Amendment. *Id.* Second, the deficient performance must have resulted in prejudice so pronounced as to have deprived the petitioner of a fair trial whose outcome cannot be relied on as just. *Wainwright v. State*, 307 Ark. 569, 823 S.W.2d 449 (1992). Both showings are necessary before it can be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Lemaster*, 2015 Ark. 167.

Stalnaker was originally charged with first-degree murder in the death of Chris Patterson. Evidence adduced at trial reflected that Stalnaker and Patterson were at a camping area and that Patterson, who was heavily intoxicated, had been annoying other persons throughout the day with verbal abuse and threats of physical harm. In the evening, Stalnaker retrieved a shotgun, exchanged some words with Patterson, who was seated at a picnic table, and then struck

Patterson on the side of the head with the stock of the shotgun. Stalnaker said that he acted out of fear of Patterson, he did not intend to kill him, and he did not realize that Patterson would die from the blow. The medical examiner described the injury as significant and life threatening.

At trial, Stalnaker's counsel requested that the jury be instructed on the justifiable use of "physical force" because Stalnaker believed that he was defending himself from Patterson's threat of physical force, as found in Arkansas Model Jury Instruction–Criminal 704. The trial court denied the request and offered to give the "deadly physical force" instruction found in Arkansas Model Jury Instruction–705. Counsel declined 705, arguing that the facts would not support that instruction. Counsel ultimately withdrew the request that the jury be instructed on a justification defense at all and proffered 704. Counsel also proffered jury instructions on the lesser included offenses of negligent homicide and manslaughter after the trial court declined to instruct the jury on those offenses.

On direct appeal, Stalnaker raised the issue of whether the trial court abused its discretion in declining the proffered justification-defense instruction in 704. The court of appeals held that there was no abuse of discretion in declining 704 because the facts supported the "deadly physical force" instruction in 705, if any justification defense.

In his Rule 37.1 petition, Stalnaker alleged that counsel was ineffective because counsel abandoned the strategy of "self-defense, negligent homicide and/or manslaughter" without his permission. As his first issue in this appeal, he argues that counsel was remiss in not objecting when the trial court declined to instruct the jury on negligent homicide and manslaughter as lesser included offenses and that counsel was ineffective by not raising the issue on direct appeal.

3

SLIP OPINION

He further argues that counsel should not have withdrawn his request for an instruction on justification.

With respect to the issue concerning the jury instructions for negligent homicide and manslaughter, as stated, the record reflects that counsel specifically sought instructions on negligent homicide and manslaughter and proffered instructions on those offenses when the court denied the request for the instructions. Therefore, counsel did raise the issue at trial and obtained a ruling on it. As to whether counsel was ineffective for not raising the issue on direct appeal, a petitioner contending that his appellate attorney was ineffective for failing to raise an issue must demonstrate that he was prejudiced by counsel's decision. To establish prejudice, the petitioner bears the burden of demonstrating that there was an issue that would have been meritorious on direct appeal and would have resulted in relief from the judgment. *State v. Rainer*, 2014 Ark. 306, 440 S.W.3d 315. Appellant did not make that showing.

To establish that there would have been merit to the issue of whether the trial court erred in declining to give the instructions, Stalnaker appears to rely primarily on his belief that the trial court in its order misstated or misunderstood the facts of the case or failed to come to the correct conclusion, i.e. that Stalnaker acted in self-defense. He essentially argues that the facts, if accepted from his perspective, were not sufficient to sustain the judgment of conviction. Stalnaker's interpretation of the facts itself, however, is not a showing that the court of appeals would have reversed the judgment if counsel had raised on appeal the issue of the trial court's refusal to give instructions on negligent homicide and manslaughter.

The sufficiency of the evidence, including the credibility of witnesses, was a matter to be

SLIP OPINION

decided at trial. Stalnaker's stringent disagreement with the trial court's statements concerning the facts of the case is not a ground to reverse the order denying postconviction relief. Moreover, to the extent that Stalnaker was asking the trial court in his Rule 37.1 petition to reassess the question of whether the facts supported the judgment, Rule 37.1 does not provide a means to attack the weight of the evidence to support the conviction. *Anderson v. State*, 2015 Ark. 18, 454 S.W.3d 212 (per curiam). The claim amounts to a direct attack on the judgment. *Id.* As such, a challenge to whether the evidence was sufficient to sustain the judgment is a matter to be raised at trial and on the record on appeal. *Leach v. State*, 2015 Ark. 163 (2015). It is well settled that Rule 37.1 does not afford an opportunity to a convicted defendant to challenge the sufficiency of the evidence merely because the petitioner has raised the challenge as an allegation of ineffective assistance of counsel. *Nickelson v. State*, 2013 Ark. 252 (per curiam).

Therefore, the sole question cognizable under the Rule is whether counsel erred by not raising on direct appeal the issue of the trial court's declining to give the proffered instructions on the two lesser included offenses. Stalnaker did not meet his burden of demonstrating that counsel was ineffective because he failed to show that the issue would have been meritorious. In assessing prejudice, courts "must consider the totality of the evidence before the judge or jury." *Strickland*, 446 U.S. at 695. Here, there was evidence that Patterson, who had a blood alcohol content four times the legal limit for intoxication, was seated with his legs under a picnic table. Stalnaker went to retrieve a shotgun and, after briefly exchanging words with Patterson, swung the gun with great force "like a baseball swing" and struck Patterson in the head.

Stalnaker testified that he struck Patterson because Patterson stood up and threatened him, but no other witness testified to Patterson's having threatened Stalnaker. There was testimony only that Patterson was verbally belligerent, obnoxious, and had made general threats to "kick" or "whoop" people. Considering the totality of the evidence adduced at trial and the court of appeals' decision that the facts supported a verdict of second-degree murder, Stalnaker did not establish that he was entitled to an instruction on negligent homicide or manslaughter. Stalnaker has not shown that there is a reasonable probability that the outcome of the trial would have been different had an instruction on the lesser included offenses been given to the jury. *See Rasul v. State*, 2015 Ark. 118, at 6.

Turning to the issue of whether counsel was ineffective in not asking for a jury instruction on justification as a defense, counsel proffered jury instruction 704, which required a showing that the perpetrator was justified in using "physical force" to defend himself. Counsel argued that 704 was the only jury instruction appropriate to the facts of the case. Counsel declined the court's offer to instruct the jury in accordance with jury instruction 705, which required a showing that "deadly physical force" was justified because counsel did not consider that the facts would support a showing that Stalnaker was justified in using deadly physical force. Rather than accept 705, counsel proffered 704 and argued on appeal that the trial court erred in not giving that instruction. The court of appeals found that it was not error for the trial court to reject the instruction and noted that counsel's decision not to accept 705 was a matter of trial strategy.

We find that both counsel's decision not to ask that the jury be instructed on negligent

homicide and manslaughter and also counsel's decision not pursue a jury instruction on justification as a defense were tactical decisions about which seasoned advocates could disagree. Matters of trial tactics and strategy are not grounds for postconviction relief on grounds of ineffective assistance of counsel. *Rankin v. State*, 365 Ark. 255, 227 S.W.3d 924 (2006). This court has held that competent counsel may elect not to request a particular jury instruction as a matter of strategy. *See Feuget v. State*, 2015 Ark. 43, 454 S.W.3d 734 (2015).

Counsel here was free to weigh whether the jury might be more likely to enter a verdict favorable to the defense if it were required to decide between first-degree and second-degree murder. *See Henderson v. State*, 281 Ark. 406, 664 S.W.2d 451 (1984) (per curiam). Likewise, counsel was not wrong to decide not to have the jury instructed on the only justification defense that the court was willing to give when the facts of the case were considered.

At the close of his discussion of his first argument for reversal in his brief, Stalnaker states that counsel made a mistake when he did not challenge the mention in the pretrial omnibus hearing that Stalnaker had been found guilty of five prior felonies. He contends that there should have been an objection so that he could have appealed the issue. He does not contend that the jury was present when the prior felonies were mentioned.

The record on direct appeal reflects that there was a discussion outside the presence of the jury in which Stalnaker advised the court that it was his intention to testify. During that discussion, counsel expressed his understanding that there were two prior felony convictions that were the basis of the habitual-offender claim. The State agreed that there were two prior felonies and that those convictions would be made known to the jury at the beginning of the

SLIP OPINION

State's case. The jury in the sentencing portion of the trial was duly advised that Stalnaker had two prior felony convictions. Accordingly, even if there were some mention in a pretrial hearing at which the jury was not present that Stalnaker had more than two prior felonies, that information was not before the jury. As a result, Stalnaker made no showing of prejudice to the defense. Without a showing of prejudice, there is no ground for granting postconviction relief. *Carter v. State*, 2015 Ark. 166.

As his next ground for reversal of the trial court's order, Stalnaker contends that the trial court erred in holding that his attorney was not ineffective in three areas. Stalnaker faults counsel for not asking for a change of venue, not requesting a mental evaluation, and for spending too much time focusing on plea negotiations instead of preparing for trial. We find no error because Stalnaker did not provide factual substantiation to show that he was prejudiced by counsel's conduct in any of the three areas.

Stalnaker did not state what circumstances would have formed a basis on which the court would have granted a motion for change of venue such as affidavits, newspaper reports, or statements by residents, to support the assertion that he could not have received a fair trial without a change of venue. A bare allegation that a change of venue should have been sought does not show that a meritorious motion could have been made or that an impartial jury was not empaneled. *Thomas v. State*, 2015 Ark. 112, ___ S.W.3d ___. Moreover, we have held that the decision whether to seek a change of venue is largely a matter of trial strategy and therefore not an issue for debate under our postconviction rule. *Id.* (citing *Neff v. State*, 287 Ark. 88, 696 S.W.2d 736 (1985) (per curiam)).

8

As to the failure of counsel to secure a mental evaluation for Stalnaker before trial, a petitioner who asserts that counsel was ineffective for failing to obtain a mental evaluation before trial must demonstrate with facts that he or she was not competent at the time of trial. *Robertson v. State*, 2010 Ark. 300, 367 S.W.3d 538 (per curiam). Stalnaker offered no facts to substantiate his allegation.

Likewise, Stalnaker offered no facts to show that counsel should have spent more time preparing for trial and less time on plea negotiations. An assertion of ineffective assistance of counsel based on failure to investigate must be supported by facts describing how a more searching pretrial investigation would have changed the results of the trial. *Wertz v. State*, 2014 Ark. 240, 434 S.W.3d 895. General assertions that counsel did not aggressively prepare for trial are not sufficient to establish an ineffective-assistance-of-counsel claim. *Id.*

In his next point for reversal of the trial court's order, Stalnaker contends that it was error under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013) for the trial court not to permit him the time necessary for him to retain counsel for the Rule 37.1 proceeding. Stalnaker's reliance on *Martinez* and *Trevino* is misplaced. The *Martinez* Court held that, when state law requires a prisoner to use a collateral attack rather than a direct appeal to raise a claim that his trial attorney was not effective under the Sixth Amendment, the prisoner's failure to comply with state rules in bringing his collateral attack on the judgment will no longer bar a federal judge from granting habeas relief on that claim, if the prisoner had no attorney to represent him in the collateral proceeding or that attorney was ineffective and if the petition filed in the state court had a meritorious claim. In *Trevino*, the Court extended its holding in *Martinez*

to cases in which a state's procedural framework make it unlikely in a typical case that a defendant would have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal. *Trevino* clarified aspects of *Martinez* but it did not require states to make provision for every petitioner in a collateral attack on a judgment to have counsel. *See Chunestudy v. State*, 2014 Ark. 345, 438 S.W.3d 923 (per curiam). Postconviction matters are considered civil in nature, and there is no absolute right to counsel. *Newton v. State*, 2014 Ark. 538, 453 S.W.3d 125 (per curiam).

As his final issue on appeal, Stalnaker asserts that he is a "victim of trial penalty" because he is serving a longer sentence than he would be had his attorney been effective in plea negotiations. In short, he contends that he is being penalized by the fact that he went to trial rather than accepting a negotiated plea.

Outside the presence of the jury, counsel informed the court that Stalnaker had been offered a negotiated plea whereby he would plead guilty to murder in the second-degree and be sentenced to thirty-one years' imprisonment.[2] Stalnaker informed the court that he could not accept the plea offer because he did not feel himself guilty of a crime. When Stalnaker appeared before the court and explained that he had refused the plea offer from the State, he was asked by the court if his all his questions had been answered and again asked if he wished to decline the plea offer. Stalnaker repeated that he did not wish to accept the plea. In response to the court's remarking that counsel was a competent attorney, Stalnaker said, "I feel like I've been

---

[2]In his Rule 37.1 petition and brief, Stalnaker alleges that the plea offer was for a sentence of twenty-one years, but the direct-appeal record establishes that the offer was for thirty-one years.

treated as fair as I can be treated."

It is clear from the record that Stalnaker made the decision to be tried by jury. The mere fact that Stalnaker was later dissatisfied with his decision or that he received a longer sentence than he would have received had he accepted the plea bargain is not a basis for a collateral attack on a judgment under Rule 37.1.

Because Stalnaker failed to meet his burden of establishing that he was denied effective assistance of counsel under the *Strickland* standard, the trial court did not err in declining to grant his Rule 37.1 petition. Accordingly, we affirm the order.

Affirmed.

*Danny Stalnaker*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Ass't Att'y Gen., for appellee.