SLIP OPINION

Cite as 2015 Ark. 302

# SUPREME COURT OF ARKANSAS

No. CR-14-804

| | | |
|---|---|---|
| ALLEN HENSON | | **Opinion Delivered** July 23, 2015 |
| | APPELLANT | |
| V. | | PRO SE APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-13-365] |
| STATE OF ARKANSAS | | HONORABLE BOBBY D. McCALLISTER, JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**PER CURIAM**

In 2012, Allen Henson, whose defense at trial was one of actual innocence, was found guilty by a jury of the rape of his daughter. He was sentenced as a habitual offender to a term of 480 months' imprisonment. The Arkansas Court of Appeals affirmed. *Henson v. State*, 2014 Ark. App. 49.

Subsequently, Henson timely filed in the trial court a verified pro se petition and amended petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2012), claiming that he was denied effective assistance of counsel.[1] The trial court denied the relief sought, and Henson brings this appeal.

On appeal, Henson raises some of the allegations that he raised in the trial court as grounds to reverse the trial court's order. The issues that were argued below, but not in this

---

[1] While the trial court noted in its order denying relief that it did not enter an order granting leave to amend the petition, it nevertheless ruled on issues contained in the amended petition.

SLIP OPINION

appeal, are considered abandoned. *Beverage v. State*, 2015 Ark. 112, 458 S.W.3d 253.

We do not reverse the grant or denial of postconviction relief unless the trial court's findings are clearly erroneous. *Lemaster v. State*, 2015 Ark. 167, 459 S.W.3d 802. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sales v. State*, 2014 Ark. 384, 441 S.W.3d 883.

We assess the effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694. Under this standard, the petitioner must first show that counsel's performance was deficient. *Id.* This requires a showing that counsel made errors so serious that the petitioner was deprived of the counsel guaranteed to the petitioner by the Sixth Amendment. *Id.* Second, the deficient performance must have resulted in prejudice so pronounced as to have deprived the petitioner of a fair trial whose outcome cannot be relied on as just. *Wainwright v. State*, 307 Ark. 569, 823 S.W.2d 449 (1992). Both showings are necessary before it can be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Feuget v. State*, 2015 Ark. 43, 454 S.W.3d 734.

In his Rule 37.1 petition, and in his brief in this appeal, Henson argues that his trial attorney and the trial court should have informed him that he could raise the issue of ineffective assistance of counsel in a petition for new trial under Arkansas Rule of Criminal Procedure 33.3 (2014). He alleges that his trial counsel "sandbagged" him by not asking to be relieved as counsel until twenty-one days after the judgment was entered and that the trial court erred in not

SLIP OPINION

appointing him new counsel until it was too late for the new attorney to investigate and prepare a motion for new trial.

First, Henson's claim that the trial court erred in not informing him that he could file a motion for new trial is not supported by any authority that the court had such an obligation. More importantly, the claim does not present an issue cognizable under the Rule. Even when a petitioner under the Rule establishes that mere trial error occurred, it does not open the judgment to challenge in a postconviction proceeding unless the error is so serious that it would leave the judgment of conviction void. *See State v. Ranier*, 2014 Ark. 306, 440 S.W.3d 315 (reh'g denied).

As to the allegation that his new counsel should have informed Henson that he could file a motion for new trial, the new attorney who was appointed by the court after trial was appointed as Henson's appellate attorney, not to act as his trial attorney. That is, the attorney was appointed to serve as appellate counsel for the purpose of perfecting the appeal from the judgment and representing him on appeal. Moreover, Henson has not demonstrated that there was a basis for a motion for new trial. When a petitioner under the Rule asserts that counsel was ineffective for failure to take some action at trial, the petitioner must show that there was a meritorious basis for the action because the failure to make an argument that is meritless is not ineffective assistance of counsel. *See id.*

Interwoven in Henson's argument concerning the failure of the court to appoint counsel to represent him on a motion for new trial is Henson's contention that he was entitled to appointment of an attorney for his Rule 37.1 proceeding. Postconviction matters, however, are

SLIP OPINION

considered civil in nature. *Sanders v. State*, 352 Ark. 16, 98 S.W.3d 35 (2003). There is no absolute right to appointment of counsel. *Hammon v. State*, 347 Ark. 267, 65 S.W.3d 853 (2001).

Henson also alleges that trial counsel was ineffective for advising him not to accept a plea offer because the State did not have sufficient evidence to convict him. The record on appeal reflects that, before trial, the State put the plea offer on the record and noted that the offer had been declined by Henson. After the pertinent information had been recited by the State concerning the offer, including the consequences of being sentenced as a habitual offender, Henson expressed his agreement that the State's account covered the terms of the plea offer. Henson's attorney then informed the court that she had discussed the plea offer with Henson and that he had elected to decline it because he was innocent and because he did not wish to have to register as a sex offender. When counsel inquired of Henson as to whether he agreed with counsel's statement of his view concerning the plea, he answered, "absolutely." Henson was also asked by the State if, after hearing the terms of the offer and the information on the possibility of his serving a lengthy term of imprisonment if found guilty, it was still his desire to go forward with the trial. He answered in the affirmative.

The fact that Henson concluded after he was convicted that it would have been the better course of action to accept the plea offer is not in itself proof that counsel was ineffective. His assertion that counsel misadvised him on whether to accept the plea does not constitute a showing that he is entitled to have the judgment in his case vacated under *Strickland*. Henson does not contend that counsel informed him that he could not be found guilty of rape as a matter of law, and he was clearly aware that there would be evidence adduced at trial inculpating

him in the offense in the form of his daughter's testimony. Even if Henson is of the belief that counsel misjudged the likelihood that the jury would find him guilty, an erroneous strategic prediction about the outcome of a trial is not necessarily deficient performance. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1391 (2012).

Henson next contends that the trial court erred by finding that his attorney was effective with respect to his allegation that counsel should have called his wife's doctor to testify. The victim testified at trial that she was made aware that Henson's wife had herpes. Henson argued that the doctor's testimony and his wife's medical records could have established that the victim's testimony was false. He asserts that, inasmuch as the outcome of the trial centered on the credibility of the victim, the doctor's disputing of the victim's testimony and the presentation of the medical records would have changed the outcome of the trial.

At trial, Henson and Henson's wife both testified that she did not have herpes. In response to questioning by the State, Henson conceded that there were no medical records that could be obtained concerning whether his wife had herpes and that he did not ask his wife's doctor to testify.

The trial court did not err in holding that the allegation was insufficient to satisfy the *Strickland* standard for a finding of ineffective assistance of counsel. This court has held that the objective in reviewing an assertion of ineffective assistance of counsel concerning the failure to call a certain witness is to determine whether this failure resulted in actual prejudice that denied the petitioner a fair trial. *Johnston v. State*, 2015 Ark. 162. In order to demonstrate prejudice, appellant must establish that there is a reasonable probability that, had counsel performed

SLIP OPINION

further investigation and presented the expert witness, the outcome of the trial would have been different. *Id.* The burden is on the petitioner to establish the admissibility of the witness's testimony. *Id.* The decision to call or not to call a particular witness is generally a matter of professional judgment and trial strategy that is outside the purview of Rule 37.1. *Feuget*, 2015 Ark. 43, 454 S.W.3d 734. The fact that there was a witness, or witnesses, who could have offered beneficial testimony is not, in itself, proof of counsel's ineffectiveness. *Rasul v. State*, 2015 Ark. 118, 458 S.W.3d 722.

When a petitioner under the Rule alleges ineffective assistance of counsel for failure to call a witness, it is his burden to specify with facts how the defense was prejudiced. Those facts must show that, but for counsel's error in not calling a particular witness, the fact-finder would have had a reasonable doubt respecting guilt and that the verdict reached would have been different absent the error. *See Wertz v. State*, 2014 Ark. 240, at 11, 434 S.W.3d 895, 904. Conclusory allegations that are unsupported by facts do not provide a basis for postconviction relief. *Henington v. State*, 2012 Ark. 181, at 6, 403 S.W.3d 55, 60.

Here, the crux of the charge against Henson was that he had raped his daughter. His claim that the doctor's testimony and his wife's medical records could have been employed to raise doubts about the victim's credibility did not establish that the doctor's testimony or his wife's medical records had any bearing on the evidence to support that charge beyond casting general doubt on the victim's truthfulness. It is clear that Henson sought by means of the Rule 37.1 proceeding to reach the issue of whether the victim's testimony concerning the rape was credible and whether there was ultimately sufficient evidence adduced at trial to support the

judgment of conviction. Such questions are not cognizable under Rule 37.1. *Sanford v. State*, 342 Ark. 22, 25 S.W.3d 414 (2000); *see also Anderson v. State*, 2015 Ark. 18, 454 S.W.3d 212 (per curiam). An attack on witness credibility or on the sufficiency of the evidence is a direct attack on the judgment. *See O'Rourke v. State*, 298 Ark. 144, 765 S.W.2d 916 (1989). A direct attack on a judgment of conviction is a matter to be settled at trial and on the record on direct appeal. *See Scott v. State*, 2012 Ark. 199, 406 S.W.3d 1 (holding that a challenge to the sufficiency of the evidence is not cognizable in a Rule 37.1 proceeding). Rule 37.1 affords the convicted defendant a means to mount only a collateral challenge to a judgment; it does not provide an opportunity to reassess the evidence supporting the judgment. *Hooks v. State*, 2015 Ark. 258 (per curiam).

Because Henson failed to meet his burden of stating facts that affirmatively supported his claims of prejudice arising from counsel's conduct, he did not establish that he was denied effective assistance of counsel under the *Strickland* standard. *Carter v. State*, 2015 Ark. 166. Accordingly, the trial court did not err in denying his request for relief pursuant to the Rule, and we affirm the order.

Affirmed.

*Allen Henson*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.