

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-17-218

| | |
|---|---|
| CHACHAWAL CHAWANGKUL<br><br>                    **APPELLANT**<br><br>V.<br><br>STATE OF ARKANSAS<br><br>                    **APPELLEE** | **Opinion Delivered:** September 20, 2017<br><br>APPEAL FROM THE ARKANSAS COUNTY CIRCUIT COURT, NORTHERN DISTRICT<br>[NO. 01SCR-15-34]<br><br>HONORABLE DAVID G. HENRY, JUDGE<br><br>AFFIRMED |

### BART F. VIRDEN, Judge

Appellant Chachawal Chawangkul appeals from the Arkansas County Circuit Court's order denying and dismissing his pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2015).[1] We assumed jurisdiction of this appeal pursuant to footnote 1 in *Barnes v. State*, 2017 Ark. 76, 511 S.W.3d 845 (per curiam). On appeal, Chawangkul argues that the trial court erred in denying his petition because his trial counsel's failure to call the victim's grandmother as a witness establishes that his trial counsel was ineffective. We affirm the trial court's order.

We do not reverse the grant or denial of postconviction relief unless the trial court's findings are clearly erroneous. *Sandrelli v. State*, 2017 Ark. 156, 517 S.W.3d 417. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after

---

[1]A jury found Chawangkul guilty of second-degree sexual assault of a child. In *Chawangkul v. State*, 2016 Ark. App. 599, 509 S.W.3d 10, this court affirmed his conviction.

reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

Under the two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner seeking postconviction relief must show that his counsel's performance was deficient and that the deficient performance resulted in prejudice. *See Feuget v. State*, 2015 Ark. 43, 454 S.W.3d 734. Under this standard, the petitioner must first show that counsel's performance was deficient. *Id.* This requires a showing that counsel made errors so serious that counsel deprived the petitioner of the counsel guaranteed to the petitioner by the Sixth Amendment. *Id.* Second, the deficient performance must have resulted in prejudice so pronounced as to have deprived the petitioner of a fair trial, the outcome of which cannot be relied on as just. *Id.* Both showings are necessary before it can be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* There is no reason for a court deciding an ineffective-assistance claim to address both components of the inquiry if the defendant makes an insufficient showing on one. *Fukunaga v. State*, 2016 Ark. 164, 489 S.W.3d 644.

Chawangkul argues that his trial counsel was ineffective because he did not call the victim's grandmother to testify as a witness. The decision whether to call a witness is generally a matter of trial strategy that is outside the purview of Rule 37. *Feuget*, *supra*. An attorney's decision not to call a particular witness is largely a matter of professional judgment, and the fact that there was a witness or witnesses who could have offered testimony beneficial to the defense is not, in and of itself, proof of ineffectiveness. Under *Strickland*, the petitioner claiming ineffective assistance of counsel for failure to call a witness must show

that, but for the alleged error in not calling the witness, there was a reasonable probability that the jury would have reached a different decision. *Lee v. State*, 2009 Ark. 255, 308 S.W.3d 596. To make this showing, a petitioner claiming ineffective assistance of counsel is required to state the substance of the omitted witness's testimony, establish that the testimony would have been admissible, and demonstrate that the omission of the testimony resulted in actual prejudice to his or her defense. *Stiggers v. State*, 2014 Ark. 184, 433 S.W.3d 252.

Here, Chawangkul did not disclose the substance of the grandmother's testimony and otherwise failed to make the required showings. Accordingly, Chawangkul did not demonstrate that counsel's performance was deficient, and we need not address whether he suffered prejudice by counsel's failure to call the grandmother as a witness.

Affirmed.

GLOVER and MURPHY, JJ., agree.

*Chachawal Chawangkul*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.